Dear Mr. Foster:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the City of Hammond, you have asked for our opinion concerning the transfer of real estate by the City of Hammond. The proposed transfer will be accomplished pursuant to a cooperative endeavor agreement between the City of Hammond and a third party developer.
Your request indicates that the City of Hammond owns approximately nine (9) acres of land in a residential area. The property has been recently appraised to be worth $207,000.00. According to your request, the City of Hammond has experienced tremendous growth since August 2005. A recent study revealed that Hammond has a critical need for workforce housing for home ownership. To meet this need, the City of Hammond intends to develop the above-mentioned nine (9) acres through a cooperative endeavor agreement with Gulf Coast Housing Partnership, Inc. ("Gulf Coast"). Gulf Coast, a 501 (c)(3) corporation, is apparently experienced with the development of work force housing projects.
The proposed cooperative endeavor agreement obligates the City of Hammond to transfer the nine (9) acres to Gulf Coast. In exchange, Gulf Coast will develop the property into a residential subdivision pursuant to plans and specifications which must be approved by the City. Under the agreement, Gulf Coast will be responsible for all costs of development and construction. Further, the property will be inspected by the City of Hammond as the development progresses and the development must be completed within a prescribed period of time, or ownership will revert to the City.
Once constructed, the new homes will be sold to qualified low-moderate income persons pursuant to objective criteria. Proceeds of these sales will be used to support the project, including credit counseling, homebuyer training and project management. You have asked us to determine whether the proposed transfer and related cooperative endeavor agreement is allowed by law. *Page 2 
Since the question presented contemplates the transfer of public property, it must be addressed in light of the provisions of Louisiana Constitution Article VII, Section 14, which provides, in pertinent part, the following:
 "§ Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .'
 * * * (C) Cooperative Endeavors. For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual."
As quoted above, Paragraph (A) generally prohibits the loan, pledge, or donation of public property. Paragraph (C) of Section 14 authorizes the state and its political subdivisions, to engage in cooperative endeavors for a public purpose with other governmental agencies, public or private associations and corporations and/or individuals. However, Paragraph (C) merely supplements the prohibition against donations contained in Paragraph (A). It does not create an exemption or exception from the general constitutional norm. In other words, the cooperative endeavor must meet the general standards for the non-gratuitous alienation of public funds established in Paragraph (A).
The Louisiana Supreme Court has recently announced a new standard for determining whether Art. VII, Sec. 14 is violated. In Board of Directorsof the Industrial Development Board of the City of Gonzales, Louisiana,Inc. v. All Taxpayers, Property Owners, Citizens of the City of Gonzales,938 So.2d 11, 23, 2005-2298 (La. 9/6/06) (the "Cabela's" case) the Court found that "(Art VII) § 14(A) is violated when public funds or property are gratuitously alienated." Although the court announced this new standard, they gave very little, if any, guidance as to how that standard is to be applied.
Ultimately, we believe the question of whether public funds or property are "gratuitously alienated" depends on the facts and circumstances surrounding the proposed expenditure. As a general rule, the Attorney General's Office refrains from conducting factual evaluations. However, we essentially gleaned three things from the Cabela's case when it comes to determining whether an expenditure is gratuitous. First, it is evident that there must be a public purpose when expending funds. Second, the transaction must be looked at as a whole, and can't appear to be gratuitous on its face. *Page 3 
Third, public entities must have an expectation of receiving something of value when expending public funds.
Your request indicates that the purpose of the transfer and related cooperative endeavor agreement is to meet the City's critical need for workforce housing for home ownership. The sale proceeds from the newly constructed workforce housing units will be used to support a number of projects including credit counseling, homebuyer training and project management. Arguably, these projects will benefit the citizenry of Hammond as a whole. Thus, it appears the proposed transfer is for a public purpose.
Further, when looked at as a whole, we believe the proposed transfer does not appear to be gratuitous on its face. As stated above, in exchange for the transfer of nine (9) acres, Gulf Coast will develop the subject property and is responsible for all costs of development and construction. Additionally, the property in question will be inspected by the City as the development progresses and the development must be completed within a prescribed period of time or ownership will revert to the City. In our view, both parties incur responsibilities and obligations such that transaction, as a whole, does not appear to be merely gratuitous. However, with respect to the third factor stated above, we are not in a position to determine whether the City of Hammond will receive equivalent value for its proposed transfer.
In Cabela's, the non-gratuitous intent of the public entities was demonstrated upon a showing by the entities that they expected to receive more than what they gave up. While the Court didn't state that such a showing was necessary, it did make it clear that such a showing was an important factor in its decision. Therefore, it is clear to our office that a public entity must receive more than a nominal return or some minimal value in order for an expenditure to be non-gratuitous. If a public entity can show that it reasonably expects to receive at least equivalent value for the funds it expends or property it transfers, that would seem to show a non-gratuitous intent.
Thus, if the City of Hammond has to the ability to show or demonstrate that it has a reasonable expectation of receiving equivalent value for its proposed transfer, it is this office's opinion that the proposed transfer and related cooperative endeavor agreement does not appear to violate the provisions of the Louisiana Constitution Article VII, Section 14 and is acceptable. The City must also comply with the provisions of La.Rev.Stat. 33:4712 relative to the disposal of property owned by a municipality. *Page 4 
We trust this adequately responds to your request. If you should have any additional questions, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY:__________________________
 MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt